JUDGE RAMOS

**OUTTEN & GOLDEN LLP**
Rachel Bien
Christopher M. McNerney
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

14 CV 1405

RECEIVED
MAR 03 2014
U.S.D.C. S.D.N.Y.
CASHIERS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANTE RAMOS and PEDRO GIL on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>THE MARK RESTAURANT MANAGEMENT LLC d/b/a The Mark Restaurant, THE MARK HOTEL MANAGEMENT LLC d/b/a The Mark Hotel, THE MARK 2 RESTAURANT LLC, d/b/a The Mark, MADISON AVENUE HOTEL PARTNERS LLC, ALEXICO MANAGEMENT GROUP, INC., JEAN-GEORGES VONGERICHTEN, and PHIL SUAREZ,<br><br>Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Dante Ramos ("Ramos") and Pedro Gil ("Gil") ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.     This lawsuit seeks to recover minimum wages, overtime pay, spread-of-hours pay, call-in pay, and misappropriated tips for Plaintiffs and similarly situated servers, runners, bussers, and other tip-eligible restaurant workers who work or worked at The Mark Restaurant ("The Mark") located at 25 East 77th Street, New York, New York 10075.

2.     The Mark is owned and/or operated by Jean-Georges Vongerichten

("Vongerichten") and Phil Suarez ("Suarez"), restaurateurs and hoteliers who for more than 20 years have operated numerous restaurants in New York City, including ABC Cocina, ABC Kitchen, Jean-Georges, Nougatine at Jean-Georges, Terrace at Jean-Georges, JoJo, Perry St, Simply Chicken, V Steakhouse, The Inn at Pound Ridge, The Mercer Kitchen, and The Mark. Some of their restaurants, including Perry St, V Steakhouse (now closed), The Mercer Kitchen, and Jean-Georges have been sued for wage and hour violations in recent years.

      3.      Defendants failed to pay Plaintiffs and similarly situated restaurant workers at the proper minimum wage and overtime rates, unlawfully distributed a portion of their tips to tip ineligible expediters, managers, bread cutters, glass polishers, and sommeliers, and failed to pay them for all hours worked, an extra hour of pay on days when they worked more than 10 hours ("spread-of-hours pay"), and a minimum of 4 hours of pay when they worked less than 4 hours ("call-in pay").

      4.      The Mark also regularly hosts events where customers are charged a mandatory 20% gratuity, or "service charge," that they reasonably believe will be used to compensate the workers who staff their events.  Instead, Defendants keep a percentage of the gratuity to pay workers who do not provide service during the events.

      5.      Plaintiffs bring this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, its collective action provision, 29 U.S.C. § 216(b), to remedy Defendants' violations of the FLSA's overtime and minimum wage provisions.

      6.      Plaintiffs also bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy Defendants' violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York

2

State Department of Labor regulations.

## THE PARTIES

### Plaintiffs

#### Dante Ramos

7.      Dante Ramos ("Ramos") is an adult individual who is a resident of The Bronx, New York.

8.      Ramos has been employed by Defendants as a food runner from approximately April 2012 through the present.

9.      Defendants have failed to pay Ramos at the proper minimum wage rate for all hours worked and at the proper overtime rate for hours worked in excess of 40.

10.      Defendants also paid Ramos for fewer hours than he actually worked, including hours that he worked over forty in a workweek.

11.      Defendants have failed to provide Ramos with adequate notice of Section 203(m) of the FLSA.

12.      Defendants also have failed to provide Ramos with adequate notice of the tip credit that they took as required by New York State Department of Labor regulations.

13.      Defendants have distributed a portion of the tips that Ramos earned to tip ineligible workers, including sommeliers, expeditors, glass polishers, bread cutters, and managers.

14.      Since early 2013, Defendants have unlawfully retained approximately 2% of the mandatory service charges that they collected from customers who held events at The Mark that Ramos staffed.

15.     Approximately once every three months, Ramos has worked more than 10 hours in a single day and has not been paid spread-of-hours pay.

16.     Similarly, approximately once every three months, Defendants have sent Ramos home before he worked four full hours, and have not paid him call-in pay.

17.     Ramos has consented in writing to assert claims under the FLSA pursuant to 29 U.S.C. § 216(b). *See* **Exhibit A**.

18.     At all times relevant, Ramos has been a covered employee within the meaning of the FLSA and the NYLL.

**Pedro Gil**

19.     Pedro Gil ("Gil") is an adult individual who is a resident of Elmhurst Queens, New York.

20.     Gil was employed by Defendants as a food runner from approximately October 2010 through approximately December 31, 2013.

21.     Defendants failed to pay Gil at the proper minimum wage rate for all hours worked and at the proper overtime rate for hours worked over 40.

22.     Defendants also failed to pay Gil for all hours worked, including hours over forty that he worked in a workweek.

23.     Defendants failed to provide Gil with adequate notice of Section 203(m) of the FLSA.

24.     Defendants also failed to provide Gil with adequate notice of the tip credit that Defendants took as required by New York State Department of Labor regulations.

25.     Defendants distributed a portion of the tips that Gil earned to tip ineligible workers, including sommeliers, expeditors, glass polishers, bread cutters, and managers.

26.     Since early 2013, Defendants unlawfully retained approximately 2% of the mandatory service charges that they collected from customers who held events at The Mark that Gil staffed.

27.     Approximately two or three times a week, when he was working fulltime, Gil worked more than 10 hours in a single day and was not paid spread-of-hours pay.

28.     Approximately once or twice a week, Defendants sent Gil home before he worked for four hours and did not pay him call-in pay.

29.     Gil has consented in writing to assert claims under the FLSA pursuant to 29 U.S.C. § 216(b).  *See* **Exhibit B**.

30.     At all times relevant, Gil was a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

31.     Defendants Vongerichten, Suarez, The Mark Restaurant Management LLC, The Mark Restaurant Hotel Management LLC, The Mark 2 Restaurant LLC, Madison Avenue Hotel Partners, LLC, and Alexico Management Group, Inc. operate as a single integrated enterprise that employed and/or jointly employed Plaintiffs and similarly situated employees at all times relevant.

32.     Upon information and belief, each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

33.     During all relevant times, Defendants have been Plaintiffs' employers and/or joint employers within the meaning of the FLSA and/or the NYLL.

34.     Upon information and belief, Vongerichten and Suarez are residents of New York.

35.     Upon information and belief, at all times relevant, Vongerichten and Suarez have

co-owned and/or operated The Mark.

36.     Upon information and belief, Vongerichten and Suarez designed and funded The Mark together.

37.     Upon information and belief, Vongerichten owns The Mark.

38.     According to his professional website, Vongerichten "is involved in every aspect of his restaurants – concept, menu, architectural design, staff selection and trainings."[1]

39.     According to his blog, Vongerichten's control extends to even minute details such as whether there are too many tables in the lounge.[2]

40.     Vongerichten and Suarez are agents of The Mark.

41.     At all times relevant, Vongerichten and Suarez have maintained control, oversight, and direction over the operations of The Mark, including its employment practices.

42.     Vongerichten and Suarez have been involved in managing The Mark's food and beverage operations.

43.     Vongerichten regularly conducts manager meetings at The Mark and inspects the kitchen.

44.     Instructions from Vongerichten are relayed to Plaintiffs and similarly situated service workers by managers at The Mark during staff meetings.

45.     Upon information and belief, Vongerichten and Suarez used their own money to open The Mark.

46.     Vongerichten and Suarez are regularly present at The Mark.

47.     At all times relevant, Vongerichten and Suarez have had the power to make

---

[1]     http://www.jean-georges.com/about/jean-georges/ (last visited March 3, 2014)
[2]     http://jeangeorges.blogspot.com/2010/02/mark-restaurant-coming-soon.html (last visited March 3, 2014).

personnel decisions at The Mark.

48.    Upon information and belief, Vongerichten and Suarez have hired managers at The Mark.

49.    At all times relevant, Vongerichten and Suarez have had the power to stop any illegal pay practices that harmed Plaintiffs and those similarly situated.

50.    Vongerichten and Suarez are covered employers within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

51.    Together with Vongerichten and Suarez, The Mark Restaurant Management LLC, The Mark Restaurant Hotel Management LLC, The Mark 2 Restaurant LLC, Alexico Management Group, Inc., and Madison Avenue Hotel Partners, LLC have owned and/or operated The Mark during the relevant period.

52.    The Mark Restaurant is located in the same building as The Mark Hotel, and customers use the same entrance to access both establishments.

53.    The Mark Restaurant Management LLC is a New York limited liability company, with an address that is listed as C/O Alexico Management Group, Inc., at 150 East 58th Street, New York, NY 10155.

54.    The Mark Restaurant Hotel Management LLC is a New York limited liability company with an address that is listed as C/O Alexico Management Group, Inc., at 150 East 58th Street, New York, NY 10155.

55.    Alexico Management Group, Inc. is a New York corporation located at 150 East 58th Street, New York, NY 10155.

56.    Madison Avenue Hotel Partners, LLC, is a New York limited liability company

located at 286 Spring Street, New York, NY 10013.

57.     The Mark 2 Restaurant LLC is the entity on Plaintiffs' paystubs.  It is a New York limited liability company located at 25 East 77th Street, New York, NY 10075.

58.     Upon information and belief, the corporate Defendants have an annual gross volume of sales in excess of $500,000.

59.     The corporate Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

60.     This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over their NYLL claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

61.     The NYLL claims are so closely related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

62.     Defendants are subject to personal jurisdiction in New York.

63.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

64.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims occurred in this district.

## CLASS ACTION ALLEGATIONS

65.     Plaintiffs bring the Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, under Federal Rule of Civil Procedure 23 ("Rule 23") on behalf of themselves and all non-managerial, tip-eligible front-of-the-house workers, including waiters and waitresses,

servers, food runners, bussers, and bartenders who worked at The Mark from March 3, 2008

through the date of final judgment in this matter ("Rule 23 Class").

66.     Excluded from the Rule 23 Class are Defendants, Defendants' legal

representatives, officers, directors, assigns, and successors, or any individual who has, or who at

any time during the class period has had, a controlling interest in Defendants, the Judge(s) to

whom this case is assigned and any member of the Judges' immediate family and all persons

who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

67.     The members of the Rule 23 Class ("Rule 23 Class Members") are readily

ascertainable.  The number and identity of the Rule 23 Class Members can be found in

Defendants' records.  The hours assigned to work, the positions held, and the rates of pay for

each Rule 23 Class Member can also be found in Defendants' records.

68.     The Rule 23 Class Members are so numerous that joinder of all members is

impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

Although the precise number of such persons is unknown, and the facts on which the calculation

of that number are presently within Defendants' sole control, upon information and belief, there

are more than 100 Rule 23 Class Members.

69.     Defendants have acted or have refused to act on grounds generally applicable to

the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the Rule 23 Class as a whole.

70.     Common questions of law and fact exist as to the Rule 23 Class and these

questions predominate over any questions only affecting them individually.  These questions

include, but are not limited to, the following:

> (a)     whether Defendants had a policy or practice of failing to provide adequate
>         notice of their payment of a reduced minimum wage to Plaintiffs and the

Rule 23 Class;

(b)    what notice is required in order for Defendants to take a tip credit under New York State Department of Labor regulations;

(c)    whether Defendants violated NYLL Article 6, § 196-d by distributing a portion of the tips earned by Plaintiffs and the Rule 23 Class to tip ineligible workers;

(d)    whether Defendants violated NYLL Article 6, § 196-d by retaining mandatory service charges paid by event customers that customers reasonably believed were gratuities;

(e)    whether Defendants had a policy or practice of failing to pay spread-of-hours pay to Plaintiffs and Rule 23 Class Members who worked days of more than 10 hours;

(f)    whether Defendants had a policy or practice of failing to pay call-in pay to Plaintiffs and Rule 23 Class Members who worked days of less than 4 hours;

(g)    whether Defendants had a policy or practice of failing to pay overtime to Plaintiffs and Rule 23 Class Members who worked more than 40 hours in a workweek and instead paid them at the straight-time rate;

(h)    whether Defendants had a policy or practice of underreporting the hours worked by Plaintiffs and Rule Class Members;

(i)    whether Defendants' policies, as alleged herein, were instituted willfully; and

(j)    the nature and extent of class-wide injury and the measure of damages for those injuries.

71.    Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent, and the relief sought is typical of the relief that would be sought by each Rule 23 Class Member in separate actions.  Plaintiffs and all of the Rule 23 Class Members work, or have worked, for Defendants as hourly food service employees at The Mark.  Plaintiffs and the Rule 23 Class Members were all subject to the same corporate policies and practices, as alleged herein, including the failure to pay overtime, minimum wages, spread-of-hours pay, and call-in pay, the distribution of tips to tip ineligible workers, and the retention of service charges that

customers reasonably believed were gratuities.

72.     Plaintiffs are able to fairly and adequately protect the interests of the Rule 23 Class Members and have no interests antagonistic to the Rule 23 Class Members.  Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

73.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class Members are relatively small, the expenses and burden of individual litigation would make it extremely difficult or impossible for Rule 23 Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual claims would result in a great expenditure of judicial resources.  The prosecution of separate actions by individual Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

74.     Upon information and belief, Defendants and other employers throughout the state violate the NYLL.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint with a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

## COLLECTIVE ACTION ALLEGATIONS

75.     Ramos and Gil bring the First Cause of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all other non-managerial, tip-eligible front-of-the-house workers, including waitresses, servers, food runners, bussers, and bartenders, employed by Defendants at The Mark from March 3, 2011, through the date of final judgment in this matter ("FLSA Collective").

76.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the members of the FLSA Collective.  Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit pursuant to 29 U.S.C. § 216(b).  Those similarly situated collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS-WIDE FACTUAL ALLEGATIONS

77.     Plaintiffs, the FLSA Collective Members, and the Rule 23 Class Members (collectively, "Class Members") were harmed by Defendants as follows:

78.     Defendants failed to pay overtime to Class Members and instead paid them

straight-time for their hours over 40 in a workweek.

79.     For instance, approximately every other week Ramos worked more than 40 hours but was paid only at the straight-time rate for his hours over forty.

80.     Defendants also have underreported or shaved time from the hours Plaintiffs worked.

81.     For example, in mid-December 2013, Ramos worked approximately 45 hours in one week, but Defendants only recorded approximately 38 hours for that week.

82.     Defendants have failed to provide Class Members with adequate notice of the tip credit provisions of 29 U.S.C. § 203(m), including by failing to adequately inform them that they would be paid less than the full minimum wage and that they would make up the difference in tips.

83.     Defendants have failed to provide Class Members with adequate notice of the tip credit as required by N.Y.C.R.R. §§ 146-1.3, 146-2.2, 137-2.1, and 137-2.2, including by failing to adequately inform Class Members, through proper notice, that they would be paid less than the full minimum wage.

84.     Defendants have a policy or practice of distributing a portion of the tips earned by Class Members each shift to tip-ineligible sommeliers, expeditors, glass polishers, bread cutters, and managers.

85.     Defendants have paid Class Members at the lower tip credit rate instead of paying them the full minimum wage rate.

86.     Defendants have unlawfully retained mandatory gratuities that they charged event customers.

87.     In particular, in early 2013, Defendants held a meeting where they informed

Plaintiffs and Class Members that going forward they would start withhold approximately 2% of the 20% service charge that they charged event customers instead of distributing it to the workers who staffed the events.

88.     At that same meeting, Defendants told Plaintiffs and Class Members that they would use the withheld portion of the service charge to compensate an event planner.

89.     Defendants have led customers to believe that the service charge was a gratuity for the workers who staffed the events, including Class Members.

90.     For example, upon information and belief, Defendants told event customers that the service charge was a gratuity, and it is reflected as such on customers' bills.

91.     Defendants' unlawful conduct as described herein has been widespread, repeated, and consistent.

92.     At all times relevant, Defendants' conduct has been willful.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

93.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

94.     At all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, each Defendant has employed "employee[s]," including Plaintiffs and the FLSA Collective Members.

95.     Defendants are required to pay Plaintiffs and the FLSA Collective Members the applicable New York State minimum wage rate for all hours worked.

96.     Defendants have willfully failed to pay Plaintiffs and the FLSA Collective Members the minimum wages to which they are entitled under the FLSA.

97.     Defendants are not eligible to avail themselves of the "tip credit" rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including, but not limited to 29 C.F.R. § 531.50 *et seq.*, because Defendants failed to properly inform Plaintiffs and the FLSA Collective Members of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

98.     In addition, Defendants have distributed a portion of the tips that Plaintiffs and FLSA Collective Members earned to tip ineligible workers, including sommeliers, expeditors, glass polishers, bread cutters, and managers.

99.     As a result of Defendants' violations of the FLSA, Plaintiffs and FLSA Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

100.    Defendants' unlawful conduct, as described in this Class and Collective Action Complaint, has been willful.  Defendants have been aware or should have been aware that the practices described in this Class and Collective Action Complaint are unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Members.

101.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime
### (Brought on Behalf of Plaintiffs and the Rule 23 Class)

102.    Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

103.    The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

104.    Defendants failed to pay Plaintiffs and other similarly situated current and former employees overtime for hours worked in excess of forty hours per workweek.

105.    Defendants also failed to pay Plaintiffs and the Rule 23 Class Members at the proper overtime rate because they unlawfully paid them at the tip credit rate.

106.    As a result of the unlawful acts of Defendants, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

107.    Defendants' unlawful conduct, as described in this Class and Collective Action Complaint, has been willful.  Defendants have been aware or should have been aware that the practices described in this Class and Collective Action Complaint are unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Members.

108.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

H.       Reasonable attorneys' fees and costs of the action; and

I.        Such other relief as this Court shall deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Class and Collective Action Complaint.

Dated:      New York, New York
            March 3, 2014

Respectfully submitted,

**OUTTEN & GOLDEN LLP**
By:

_Rachel B_
Rachel Bien

**OUTTEN & GOLDEN LLP**
Rachel Bien
Christopher M. McNerney
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

*Attorneys for Plaintiffs*

# EXHIBIT A

## CONSENT TO BE A PARTY PLAINTIFF

1.      I consent to be a party plaintiff in a lawsuit against The Mark Restaurant Management LLC and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By singing and returning this consent form, I designate the Plaintiffs and their counsel, Outten & Golden LLP, to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Outten & Golden LLP will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

DANTE RAMOS
Full Legal Name

834 TINTON AVE.
Address

(917) 704 6303
Telephone Number

BRONX N.Y.          10456
City, State          Zip Code

# EXHIBIT B

## CONSENT TO BE A PARTY PLAINTIFF

1.      I consent to be a party plaintiff in a lawsuit against The Mark Restaurant Management LLC and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By singing and returning this consent form, I designate the Plaintiffs and their counsel, Outten & Golden LLP, to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Outten & Golden LLP will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

| | |
|---|---|
| _____ <br> Signature | PEDRO GIL. <br> Full Legal Name |
| 86-42 St James Ave Apt # B22 <br> Address | (917) 518-9549 <br> Telephone Number |
| NY ELMHURST        11373 <br> City, State                Zip Code | |